UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4243

WALE OGUNYILEKA, a/k/a Tony,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-97-420-AW)

Submitted: October 27, 1998

Decided: November 23, 1998

Before WIDENER, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Acting Federal Public Defender, Denise C. Barrett,
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Maury S. Epner,
Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wale Ogunyileka appeals his jury convictions and twenty-seven-month sentence for ten counts of bank fraud, in violation of 18 U.S.C. § 1344 (1994). We affirm.

Between June and September 1997, Ogunyileka received bank account signature card forms and other account information from Anna Wieczorek, an employee of Chevy Chase Bank of Maryland. Ogunyileka paid Wieczorek $2000 for the information. Wieczorek testified at trial that Ogunyileka told her that the information obtained from the signature cards would be used to make counterfeit alien registration cards ("green cards"). The fake green cards would be made out in the name of the account holder, but would bear the photograph of an associate of Ogunyileka who would make the withdrawals. Ogunyileka's associate would then learn how to sign the signature of the account holder and make withdrawals at several different branches of the Chevy Chase bank. Wieczorek would then check the account to determine the date and amount of the withdrawal so that Ogunyileka could determine if his associate was giving him the correct amount of money.

Bank officials discovered the fraud and, after an internal investigation, Wieczorek confessed in September 1997 and agreed to cooperate in the prosecution of Ogunyileka. Wieczorek tape recorded a telephone conversation with Ogunyileka in which they agreed to meet so that Wieczorek could give him two signature cards. At the meeting, Wieczorek gave Ogunyileka two mock signature cards and tape recorded her conversation with Ogunyileka, who stated how easy it would be to forge one of the signatures on the cards and that his associate had had some trouble recently using the counterfeit green cards. Following the conversation, Ogunyileka was arrested by the United States Secret Service, and the signature cards Ogunyileka received from Wieczorek were found under the driver's seat of his vehicle. During questioning by law enforcement, Ogunyileka admitted that he obtained the signature cards from Wieczorek to withdraw funds from the related accounts. Ogunyileka also admitted that he compromised

2

three accounts based on information provided by Wieczorek and that he had "done more" with a different Chevy Chase bank employee.

On appeal, Ogunyileka first asserts that the district court improperly instructed the jury in that it did not require the jury to find all of the essential elements of aiding and abetting in determining guilt. "We review an entire [jury] charge to determine whether the court adequately instructed the jury on the elements of the offense and the accused's defenses." United States v. Fowler , 932 F.2d 306, 317 (4th Cir. 1991) (citing United States v. Park, 421 U.S. 658, 674-75 (1975)). The content of an instruction is reviewed for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992).

"To prove the crime of aiding and abetting, the government must show that the defendant knowingly associated himself with and participated in the criminal venture." United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983). We find that the district court did not abuse its discretion in giving its instructions on aiding and abetting. The court gave the jury comprehensive instructions concerning aiding and abetting, which included the essential elements of the crime and the necessity of finding all of them to convict Ogunyileka. The court stated that the jury must find beyond a reasonable doubt that the Government proved another person committed the offense with which the defendant was charged, that the defendant willfully and knowingly associated himself with the crime, and that the defendant willfully sought to make the crime succeed. The court went on to explain that participation in the crime required more than mere presence and posed rhetorical questions to the jury to illustrate the crime of aiding and abetting. Each question involved finding that the defendant acted with intent. Thus, we find no abuse of discretion in the court's jury instruction.

Ogunyileka next asserts that the court erred in determining his relevant conduct under U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (1997) ("USSG"). At sentencing, Ogunyileka was held responsible for $91,000 fraud loss--$46,800 of which was directly traceable to accounts compromised by Wieczorek. Ogunyileka asserted, however, that he should only be held responsible for

3

the $46,800 directly traceable to Wieczorek and that any additional amount of loss could not be connected to his actions.

District courts may take "relevant conduct" into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Section 1B1.3(a)(1)(A) provides that relevant conduct includes all acts of the defendant, acts aided and abetted by him, and acts for which he is otherwise accountable which were "in furtherance of" the offense of conviction. The government must establish the existence of these other incidents by a preponderance of the evidence. See Jones, 31 F.3d at 1316 (citing United States v. Uwaeme , 975 F.2d 1016, 1018 (4th Cir. 1992)). Whether the government has successfully shouldered its burden of proof is a question of fact reviewed for clear error. See Jones, 31 F.3d at 1316.

At the sentencing hearing, the Government established that the additional compromised accounts that were not traceable to Wieczorek were accessed by the same individual used by Ogunyileka to obtain funds from the accounts provided by Wieczorek. This individual appeared on bank surveillance photographs conducting transactions on all of the compromised accounts and employing the same modus operandi. Also, Wieczorek testified that Ogunyileka asked her to query the bank's computers about accounts other than those for which she actually provided signature cards. Wieczorek further testified that Ogunyileka was involved with another individual at the bank besides herself. The bank investigator's fraud loss report, introduced at trial, also established that the fraud loss occurred during the period of time in which Ogunyileka was in contact with Wieczorek. Thus, we find that the district court's factual findings and determination of relevant conduct were not clearly erroneous.

Accordingly, we affirm Ogunyileka's convictions and sentence. We deny Ogunyileka's motion to expedite our consideration of his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED